UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JIDEOFOR AJAELO,<br><br>        Petitioner,<br><br>    v.<br><br>RAYMOND MADDEN,<br><br>        Respondent. | Case No. 16-cv-06962-LB<br><br>**ORDER TO SHOW CAUSE**<br><br>[Re: ECF No. 1] |

## INTRODUCTION

Jideofor Ajaelo, an inmate at California State Prison, Centinela, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to proceed before a magistrate judge. (ECF No. 3.)[1] His petition is before the court for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to answer the petition.

## STATEMENT

Mr. Ajaelo's petition relates the following facts. Mr. Ajaelo is incarcerated at California State Prison, Centinela, where respondent Raymond Madden is warden. On April 27, 2007, the Alameda

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the tops of documents.

ORDER — No. 16-cv-06962-LB

1  County Superior Court convicted Mr. Ajaelo of one count of first-degree murder with a drive-by-
2  shooting special circumstance, three counts of premeditated attempted murder, and four arming
3  enhancements. He was sentenced to life without parole for the murder, plus three consecutive life
4  terms for the three attempted murders.

5  Mr. Ajaelo appealed his conviction. The California Supreme Court denied his petition for
6  review. This was in May 2009.

7  In 2015, Mr. Ajaelo filed a state habeas petition challenging his conviction based on the
8  decision in *People v. Chiu,* 59 Cal. 4th 155 (2014). Following a trial-court decision, and
9  intermediate appellate review, on November 9, 2016, the California Supreme Court denied his
10 petition for review, thus denying him habeas relief.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Mr. Ajaelo argues that he was wrongly convicted of first-degree murder on an aiding-and-abetting theory that *Chiu, supra,* held does not apply to first-degree murder. More specifically, he argues that the jury was wrongly instructed on the aiding-and-abetting theory that *Chiu* precludes. He contends that he was therefore denied due process under the Fifth and Fourteenth Amendments to the U.S. Constitution.

The court cannot say that Mr. Ajaelo's claim is patently without merit. Liberally read, his claim is cognizable in a federal habeas action and warrants a response.

# CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California.

4. The respondent must file and serve upon the petitioner, on or before **February 7, 2017**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

5. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **March 9, 2017**.

**IT IS SO ORDERED.**

Dated: December 8, 2016

LAUREL BEELER
United States Magistrate Judge