**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JIDEOFOR AJAELO,

    Petitioner,

  v.

RAYMOND MADDEN, Warden,

    Respondent.

No. C 16-06962 WHA

**ORDER GRANTING MOTION TO DISMISS HABEAS PETITION**

## INTRODUCTION

In this habeas action, respondent moves to dismiss the petition as untimely. For the reasons stated below, the motion to dismiss is **GRANTED**.

## ANALYSIS

In 2007, a jury in Alameda County Superior Court convicted petitioner Jideofor Ajaelo of first-degree murder (committed by drive-by shooting) and three counts of attempted murder (involving a firearm). He received a sentence of 25 years to life in prison without the possibility of parole.

Ajaelo took a direct appeal on issues not presented in the instant habeas petition, but he also appealed the charge to the jury inasmuch as it instructed that petitioner could be found guilty of aiding and abetting attempted premeditated murder on a natural and probable consequence theory even if he lacked the intent to kill.

The California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. Ajaelo did not seek a writ of certiorari to the United States Supreme Court.

In 2014, the California Supreme Court decided *People v. Chiu*, 59 Cal. 4th 155, 166 (2014), holding that a first-degree premeditated murder conviction could *not* be based on the natural and probable consequence theory. In other words, the California Supreme Court announced a rule that may have invalidated a charge to the jury that convicted Ajaelo.

In 2015, Ajaelo sought habeas relief in Alameda County Superior Court based on *Chiu*, which relief was denied based on a finding that Ajaelo had suffered no prejudice due to that instruction, in light of another jury finding that included as an element the intent to inflict death.

Ajaelo next sought the same relief from the California Court of Appeal, which relief was summarily denied. Ajaelo then sought review by the California Supreme Court, alleging that the Court of Appeal had improperly denied his habeas petition. After entertaining an answer from the state, the California Supreme Court summarily denied review.

Ajaelo now seeks federal habeas relief pursuant to Section 2254 of Title 28 of the United States Code, seeking to reverse his conviction based on *Chiu*. Respondent moves to dismiss the action as untimely. This order follows full briefing on the motion to dismiss.

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations that applies to federal habeas petitions. 28 U.S.C. 2244(d). All agree that the limitations period for a federal habeas petition generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). Here, the judgment became final in 2009, after the California Supreme Court denied review on direct appeal and the time to seek certiorari from the United States Supreme Court elapsed. Ajaelo's state-court petition was filed more than five years later, in 2015, well outside the limitations period based on that start date.

Ajaelo contends he is entitled to an alternative start date, pursuant to Section 2244(d)(1)(C) under AEDPA, which restarts the clock on the limitations period from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." The constitutional rule asserted was announced in *Chiu* — a decision from the *California* Supreme Court. Ajaelo contends Section 2244(d)(1)(C) applies to rules announced by the Supreme Court *or* the state supreme courts.

Ajaelo cites no authority directly supporting his position. None exists. Instead, Ajaelo responds that no binding authority has addressed his argument precisely and that his interpretation flows from the plain language of the statute.

The United States Supreme Court has previously interpreted the language of Section 2244(d)(1)(C) (as it appears identically in a different section) to afford an applicant "one year from the date on which the right he asserts was initially recognized by *this* Court" (referring to the Supreme Court). *Dodd v. United States*, 545 U.S. 353, 357 (2005) (emphasis added). Moreover, every district court to address this question has rejected the argument that *Chiu* provides an alternative start date under Section 2244(d)(1). *See, e.g.*, *Rettman v. Fisher*, No. 16-0885, 2017 WL 1375201, at *3 (E.D. Cal. Apr. 17, 2017) (Judge Kendell Newman); *Lamar v. Adams*, No. 16-1269, 2017 WL 1540175, at *3 (E.D. Cal. Apr. 28, 2017) (Judge Allison Claire); *Escalante v. Beard*, No. 15-2514, 2016 WL 4742322 (S.D. Cal. June 2, 2016) (Judge Nita Stormes). The weight of authority uniformly supports respondent's interpretation.

Ajaelo's plain language argument fares no better. *First*, Ajaelo's interpretation does *not* flow from the plain language of the statute. The statute refers to "*the* Supreme Court," using a definitive article and singular noun, indicating reference to a single entity, rather than a category with multiple members. *Second*, some states' highest courts are not called the "supreme court" and conversely, some states' "supreme courts" are not the highest courts in the state. Ajaelo's interpretation would lead to the absurd result of vastly different and confusing procedures in different states for the administration of federal law. *Finally*, if Ajaelo's interpretation applied throughout the statute, the interactions within the federal court system contemplated by AEDPA

3

would become absurd. For example, state supreme courts would be empowered to transfer a writ of habeas corpus to federal district courts. *See* 28 U.S.C. 2241(b).

Neither the plain language of Section 2244(d)(1)(C) nor any authority interpreting that language supports Ajaelo's position. Only a right recognized by the United States Supreme Court can trigger a new start date for the limitations period on a habeas petition. Accordingly, Ajaelo's petition is untimely and must be **DISMISSED**.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss is **GRANTED**. A certificate of appealability is **DENIED**. Judgment will follow.

**IT IS SO ORDERED.**

Dated: May 24, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE